UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| DANIEL F. MARTIN, | ) |
| Plaintiff, | ) Case No. 1:15-cv-210 |
| v. | ) Honorable Robert Holmes Bell |
| CALHOUN COUNTY SHERIFF, et al., | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

This is a civil action brought *pro se* by Daniel F. Martin. The lawsuit arises out of land contract forfeiture and eviction proceedings in the 10th Judicial Court for Calhoun County against Daniel F. Martin. Mr. Martin named the following defendants in this lawsuit: Judge John A. Hallacy, Attorney Paul K. Beardslee, Daniel J. Stulberg, the Calhoun County Sheriff and the Calhoun County Sheriff's Department,[1] Calhoun County District Attorney Richard C. Lindsay, Jr., and Calhoun County Register of Deeds Ann Norlander. Plaintiff alleges that Judge Hallacy violated MCR 4.200 by finding him in default on a land contract (Compl. ¶ 18, Page ID 5); violated plaintiff's rights under the First Amendment and "1963 Michigan Constitution Section 13" by not allowing plaintiff to speak during a hearing held on November 17, 2014 (*Id.* at ¶¶ 19, 20, Page ID 5); denied plaintiff's due process and equal protection rights; and violated 18 U.S.C. § 241 by going ahead and conducting a hearing on January 12, 2015, even though plaintiff indicated that he would

---

[1]The sheriff's department is not a legal entity subject to suit. *See Vine v. County of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995); *see also Pung v. Michigan Dep't of Corr.*, No. 1:13-cv-1031, 2015 WL 1459440, at * 10 (W.D. Mich. Mar. 30, 2015); *Long v. County of Saginaw*, No. 12-cv-15586, 2014 WL 5460630, at * 9 (E.D. Mich. Oct. 27, 2014).

not be able to attend (Compl. at ¶¶ 25-26, Page ID 7), by conspiring with Attorney Beardslee to violate plaintiff's rights (*Id.* at ¶¶ 26-27, Page ID 7-8), and on February 23, 2015, by denying plaintiff's motion for a stay of eviction (*Id.* at ¶ 27, Page ID 7-8), and by giving the Calhoun County Sheriff an order authorizing the eviction of plaintiff from property located at 100 Page Street, Marshall, Michigan (*Id.* at 8, Page ID 8). Plaintiff alleges that defendants Norlander and Lindsay violated unspecified Michigan law and federal criminal law (18 U.S.C. § 241) by refusing to record a "common law lien" that plaintiff had drafted. (Compl. at ¶ 9, Page ID 3). Defendant Stulberg allegedly committed fraud, trespass and breach of a purchase agreement by attempting to sell the real property at issue to a buyer (Dark Horse Brewery) and violated Article 3-603 of the Uniform Commercial Code by refusing Mr. Roy Repine's offers of payment[2] (Compl. at ¶¶ 6-8, 11, 13 Page ID 2-4). Attorney Beardslee allegedly filed a "counterfeit" complaint for land contract forfeiture on behalf of his client against plaintiff in state court (*Id.* at ¶ 14, Page ID 4), was in contempt of court for filing a motion to dismiss plaintiff's counterclaim rather than an answer (*Id.* at ¶ 21, Page ID 5-6), mailed "fraudulent court documents" to plaintiff on or about December 18, 2014 (*Id.* at ¶¶ 23, 24, Page ID 6), devised counterfeit documents used as "Artifices to get [plaintiff's] Counter Complaint Dismissed" (*Id.* at ¶ 26, Page ID 7), and conspired with Judge Hallacy in violation of 18 U.S.C. § 241 (Compl. at 9, ¶¶ 26, 27, Page ID 7, 8).

---

[2]Mr. Repine is not a party to this lawsuit. As a *pro se* litigant, plaintiff cannot represent anyone other than himself on his own claims. *See* 28 U.S.C. § 1654. Plaintiff cannot represent "North American Trading Company." (*see* Compl. at ¶¶ 5, 6, Page ID 2). A corporation may appear in federal court only through licensed counsel. *See Roland v. California Men's Colony*, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); *see also Moorish Science Temple of Am. v. Michigan*, No. 14-cv-12166, 2014 WL 2711945, at * 1-2 (E.D. Mich. June 16, 2014) (collecting cases).

Plaintiff seeks an injunction from this court ordering the Calhoun County Sheriff to stop any and all activity pertaining to the eviction of Daniel F. Martin from the property at 100 Page Street, Marshall, Michigan, and an order compelling Judge Hallacy, Attorney Beardslee, and Mr. Stulberg to appear in this court and to "show cause as to why they would allow any and all violation[s] of Federal laws outlined in this Petition to be carried out and why they would commit crimes[3] that are listed in the Racketeer Influenced and Corrupt Organizations Act[,]" (Compl. at 9, Page ID 9).

This court granted plaintiff leave to proceed *in forma pauperis* in light of his indigence. (docket # 4). For the reasons set forth herein, I recommend that plaintiff's claims seeking an injunction preventing his eviction be dismissed as moot. I recommend that all plaintiff's claims seeking injunctive relief with respect to the proceedings in state court, damages stemming from decisions made in those proceedings, or seeking appellate review in this court be dismissed for lack of subject-matter jurisdiction. I recommend that all remaining claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because plaintiff's complaint seeks relief against defendants entitled to judicial and quasi-judicial immunity and fails to state a claim upon which relief can be granted.

## Applicable Standards

Under the provisions of federal law, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007). An action may be dismissed as frivolous if "it lacks an

---

[3]This appears to be a reference to "Obstruction of Justice; Fraud; and Counterfeiting" listed in the introductory paragraph of plaintiff's complaint. (Compl. at 1, Page ID 1).

arguable basis either in law or in fact." See *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Id.* "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Generally, in determining whether the complaint states a claim, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Claims survive only where the "factual allegations [are]

enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

The Supreme Court's *Iqbal* decision emphasized that a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557.

556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citations omitted).

## **Plaintiff's Allegations**

Plaintiff states that he entered into a land contract agreement with Daniel J. Stulberg on November 27, 2011, regarding property at 100 Page Street, Marshal, Michigan. (Compl. ¶ 1, Page ID 1). In December 2013, plaintiff entered into a lease agreement with Roy Repine for the purpose of operating a scrap business in part of a building located on the property. (*Id.* at ¶ 2, Page ID 2). On April 22, 2014, Daniel Stulberg advised plaintiff and Mr. Repine that the property was being sold and that they would have to vacate the premises. (*Id.* at ¶ 6, Page ID 2).

On May 2, 3014, plaintiff attempted to record a document labeled as a common law lien on the real estate. According to plaintiff, Ann Norlander and Richard G. Lindsey, Jr. would not allow him to record his purported lien. (*Id.* at ¶ 9, Page ID 3).

On July 3, 2014, Attorney Paul Beardslee filed a complaint in the 10th Judicial District Court for the State of Michigan for possession after land contract forfeiture on behalf of his client the Morris Stulberg Living Trust against Daniel F. Martin. (Ex. D, docket # 1-4, Page ID 19-20). On October 27, 2014, Judge John C. Hallacy found plaintiff to be in default. (Compl. ¶ 18, Page ID 5). On November 17, 2014, Judge Hallacy entered a judgment of possession after land contract forfeiture. (Ex. I, docket # 1-9, Page ID 49-50). The judgment advised plaintiff that a judgment of possession for breach of a land contract had been entered with regard to the property at 100 Page Street, Marshall, Michigan. The court's judgment stated that to retain possession, plaintiff was required to pay $20,769.00 by February 17, 2015, or an order of eviction may be issued. (*Id.*).

Plaintiff filed a counterclaim against Attorney Beardslee and Daniel Stulberg. (Compl. ¶ 16, Page ID 5). In December 2014, Attorney Beardslee filed a motion to dismiss Mr. Martin's counterclaim. (Ex. H, docket # 1-8, Page ID 27-28). A hearing on the motion to dismiss was scheduled for January 12, 2015. (*Id.* at Page ID 29). Plaintiff sent a notice to the court stating that "car problems" would prevent him from attending the hearing and he requested a 30-day continuance. (Ex. I at ¶¶ 6-7, docket # 1-9, Page ID 48). The court did not grant the relief that plaintiff requested, went forward with the hearing, and dismissed plaintiff's counterclaim. (Compl. at ¶ 26, Page ID 7).

On February 23, 2015, Judge Hallacy denied plaintiff's motion for a stay on the order of possession and land contract forfeiture. (*Id.* at ¶ 27, Page ID 7). On February 25, 2015, plaintiff

received notice that Judge Hallacy had entered the order of eviction and that he should immediately remove any personal property that he wanted to keep. (Ex. I, docket # 1-9, Page ID 51).

On February 26, 2015, plaintiff filed this lawsuit.

## **Discussion**

### I. Mootness

Plaintiff has been evicted from the property at 100 Page Street, Marshall, Michigan. His request seeking an injunction preventing the eviction is moot.

### II. Jurisdiction

Federal courts are courts of limited jurisdiction, which may exercise only those powers authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see Vander Boegh v. Energy Solutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vander Boegh*, 772 F.3d at 1063. Plaintiff has the burden of proving this court's jurisdiction. *See Giesse v. Secretary of Dep't of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008).

To the extent that plaintiff asks this court to enjoin the proceedings before Judge Hallacy in the 10th District Court, Calhoun County, Michigan, the relief requested is barred by the Anti-Injunction Act. 28 U.S.C. § 2283. Under the Anti-Injunction Act, a federal court may not grant an injunction to stay proceedings in a state court, subject to certain exceptions that do not apply here. *Powers v. Bank of Am., N.A.*, No. 14-14335, __ F. Supp.2d __, 2014 WL 6686781, at * 4 (E.D. Mich. Nov. 26, 2014). Federal courts in Michigan "have repeatedly held that the Anti-Injunction Act bars injunctions preventing state-court eviction proceedings." *Id.* at 4 (citing *E3A v. Bank of America, N.A.*, No. 13-10277, 2013 WL 784339, * 2 (E.D. Mich. Mar. 1, 2013); *Ross v. Wells Fargo Bank*, N.A., No. 13-11858, 2013 WL 5291671, *9 (E.D. Mich. Sept. 19, 2013); *accord Bond v. JPMorgan Chase Bank, N.A.*, 526 F. App'x. 698, 701 (7th Cir. 2013); *Watkins v. Ceasar*, 88 F. App'x. 458 (2d Cir. 2004). Plaintiff's request for injunctive relief is barred by the Anti-Injunction Act.

The court lacks jurisdiction over any claim of damages stemming from Judge Hallacy's decisions in the state court case. Such claims are clearly barred by the *Rooker-Feldman* doctrine. "Lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."[4] *Lance v. Dennis*, 546 U.S. 459, 463 (2006); *see Duncan v. U.S. Bank, NA*, 574 F. App'x 599, 601 (6th Cir. 2014). The *Rooker-Feldman* doctrine derives its name from two Supreme Court cases that held that a federal court cannot exercise appellate review of a state-court decision.

---

[4]Because the Supreme Court of the United States has exclusive jurisdiction to review final judgments of the state courts on federal questions under 28 U.S.C. § 1257, the district court lacks subject-matter jurisdiction to entertain such a direct challenge to a state-court judgment. *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011).

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). This doctrine is limited to federal cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The "source of the injury" claimed by plaintiff is Judge Hallacy's rulings.

This court does not possess direct oversight powers over Michigan's courts. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The recourse available to plaintiff in response to an adverse decision of a state district court is an appeal to the circuit court, an application for leave to appeal to the Michigan Court of Appeals, an application for leave to appeal to the Michigan Supreme Court, and if necessary, an application to the United States Supreme Court for a writ of certiorari.

Plaintiff's claims of injury stemming from a state-court decisions and/or seeking appellate review by this court are clearly barred and should be dismissed for lack of subject-matter jurisdiction.

### III. Judicial and Quasi-Judicial Immunity, Standing, and Failure to State A Claim

Plaintiff is dissatisfied with the rulings made by Judge Hallacy. The challenged actions are unquestionably judicial functions. Judge Hallacy is entitled to judicial immunity on all plaintiff's claims. *See Mireles v. Waco*, 502 U.S. 9, 13 (1991); *see also Underhill v. Royer*, No. 14-cv- 14768, 2015 WL 2384052, at * 2-4 (E.D. Mich. May 19, 2015); *Johnson v. Edgar*, No. 2:14-cv-256, 2015 WL 869320, at * 1-3 (W.D. Mich. Feb. 27, 2015). The Calhoun County Sheriff is entitled to quasi-judicial immunity in carrying out Judge Hallacy's eviction order. *See, e.g.*, *Austin v. Gordon*, No.

13-10098, 2013 WL 5372810, at * 3 (E.D. Mich. Sept. 24, 2013); *Tryoer v. Hershberger*, No. 5:11-cv-2536, 2012 WL 488251, at * 7 (N.D. Ohio. Feb. 14, 2012).

Plaintiff lacks standing to enforce federal criminal statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Sefa v. Kentucky*, 510 F. App'x 435, 438 (6th Cir. 2013). Further, it is well established that the criminal statute cited by plaintiff, 18 U.S.C. § 241, does not provide a civil cause of action. *Timmon v. Wood*, 316 F. App'x 364, 365 (6th Cir. 2007); *see Hightower v. Strahler*, No. 2:14-cv-524, 2015 WL 1469169, at * 4 (S.D. Ohio Mar. 30, 2015); *Bey v. Smith*, No. 10-14641, 2011 WL 5506904, at * 7 (E.D. Mich. Oct. 21, 2011) (collecting cases). Plaintiff has not alleged facts or supported with evidence any viable RICO claim. *See Pugh v. Balish*, 564 F. App'x 1010, 1012-13 (11th Cir. 2014); *Annabel v. Michigan Dep't of Corrections*, No. 1:14-cv-756, 2014 WL 4187675, at * 20-21 (W.D. Mich. Aug. 21, 2014); *Praileau v. Fischer*, 930 F. Supp. 2d 383, 393 (N.D.N.Y. 2013).

Plaintiff's interests in the property at 100 Page Street were adjudicated in state court. He cannot re-litigate those issues here. *See Martin v. Martin*, No. 97-1933, 1988 WL 786971, at * 2 (6th Cir. Oct. 29, 1998); *see also LaMie v. Wright*, No. 1:12-cv-1299, 2014 WL 3341587, at * 4 (W.D. Mich. July 8, 2014); *Moore v. City of Detroit*, No. 07-cv-15282, 2008 WL 3050042, at * 3 (E.D. Mich. Aug. 4, 2008). In addition, plaintiff fails to allege facts supporting any claim under Articles 2 or 3 of the UCC, much less establish grounds for such a claim to be heard in federal court. *See Wolverine World Wide, Inc. v. Wolverine Canada, Inc.*, 653 F.Supp. 2d 747, 756 (W.D. Mich. 2009) (citing MICH. COMP. LAWS § 440.2101 *et seq.*); *see also Scullark v. HSBC Mortg Servs., Inc.*, 13-2050, 2013 WL 2456358, at * 3 (W.D. Tenn. June 5, 2013); *Evangelist v. Green Tree Servicing*

*LLC*, No. 12-15687, 2013 WL 2393142, at * 7 (E.D. Mich. May 31, 2013); *Watson v. United Bank & Trust*, No. 12-10040, 2012 WL 1606057, at * 5 (E.D. Mich. Apr. 10, 2012).

Plaintiff's allegation that he was not permitted to file a common law lien against the property fails to state a claim under state or federal law. *See Coyer v. HSBC Mortg. Servs.*, No. 10-14339, 2011 WL 6181916, at * 3 (E.D. Mich. Dec. 13, 2011) ("[A] common law lien may not be utilized to preserve an interest in real property."); *see also Barry County Treasurer v. Klinge*, No. 308783, 2013 WL 85902, at * 3 (Mich. Ct. App. Jan. 8, 2013) (judgment of foreclosure extinguished any possible common law lien); *Carpenter v. Lorraine-Lauro*, No. 179793, 1996 WL 33357144, at * 1 (Mich. Ct. App. Sept. 27, 1996) (a common law lien does not apply to real property).

Plaintiff's characterization of various papers filed or served by Attorney Beardslee in connection with the state-court litigation as "counterfeit" or "fraudulent" fails to support any viable claim. It is pellucid that plaintiff did not convince Judge Hallacy that Attorney Beardslee was in "contempt" of his order when he filed a motion to dismiss Mr. Martin's counterclaim rather than an answer because Judge Hallacy granted the motion to dismiss. It was up to Judge Hallacy to determine whether any of his orders were violated. Plaintiff's conclusion that Attorney Beardslee was in "contempt" of a state-court order fails to state a claim upon which relief can be granted in this court.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claims seeking an injunction preventing his eviction from 100 Page Street, Marshall, Michigan be dismissed as moot. I recommend that all plaintiff's claims seeking injunctive relief with respect to the proceedings in state court or claiming damages stemming from those proceedings, or seeking appellate review in this court, be dismissed for lack of subject-matter jurisdiction. I recommend that all remaining claims be dismissed for failure to state a claim because Judge Hallacy is entitled to judicial immunity, the Calhoun County Sheriff is entitled to quasi-judicial immunity in carrying out Judge Hallacy's orders, plaintiff lacks standing to bring criminal charges, and plaintiff's complaint fails to state a claim upon which relief may be granted against any defendant.


Dated:   June 3, 2015          /s/  Phillip J. Green
                               United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).