UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL F. MARTIN,

        Plaintiff,

                                                File No. 1:15-cv-210

v.

                                                HON. ROBERT HOLMES BELL

CALHOUN COUNTY SHERIFF et al.,

        Defendants.

                                        /

## MEMORANDUM OPINION AND ORDER

On June 3, 2015, United States Magistrate Judge Phillip J. Green issued a Report and Recommendation ("R&R"), recommending that the action be dismissed (ECF No. 35). Plaintiff has filed objections to the R&R (ECF No. 38). For the reasons that follow, Plaintiff's objections will be denied and the R&R will be adopted as the opinion of the Court.

Also before the Court are various motions filed by Plaintiff: a motion to vacate or set aside the Court's May 27, 2015 order (ECF No. 39); five motions to amend the complaint (ECF Nos. 41-43, 47, 49); a motion for an evidentiary hearing (ECF No. 46); a petition to have a warranty deed declared null and void (ECF No. 44); a motion for a preliminary injunction (ECF No. 48); a motion to have a third party reconstruct a building and return property to Plaintiff (ECF No. 56); and a motion to strike the R&R (ECF No. 58). The motions will be denied.

**Objections to the R&R**

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff objects to the determination that he is not entitled to a preliminary injunction, yet he does not dispute the magistrate judge's finding that his request is moot because he has already been evicted from his property. Plaintiff raises a number of objections to the validity of that eviction, but none of those objections undermines the finding of mootness. Moreover, in order to obtain preliminary injunctive relief, he must have a viable claim. For the reasons discussed by the magistrate judge, none of his claims are viable. Thus, the Court discerns no error in the magistrate judge's determination regarding his request for preliminary injunctive relief.

Throughout his objections, Plaintiff repeatedly asserts that he states a RICO claim, but he has not alleged any facts that would support a "pattern of racketeering activity." *See* 18 U.S.C. § 1962. His contention that various individuals committed fraud does not suffice to support a RICO claim.

Plaintiff asserts that he was deprived of a constitutional right to trial by jury on his counterclaims in state court. But this right only applies if the claims make it to trial; that is, when the claims are not subject to dismissal as a matter of law and material facts are disputed by the parties. In this instance, Plaintiff's counterclaims were dismissed by the state court before trial, before a jury was necessary. Moreover, any challenge to the state court

proceedings are properly raised in state court. As indicated in the R&R, Plaintiff cannot use a separate federal action as a means to appeal the outcome of his state-court proceedings.

Plaintiff asserts that Defendant Hallacy is not entitled to judicial immunity because his decisions do not conform to state or federal law. However, judicial immunity is grounded in the nature of the act performed. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Rendering decisions in a case is unquestionably a judicial act to which immunity applies. It does not matter whether those decisions were in conformance with state or federal law.

Plaintiff claims that he is entitled to recover against Defendants Hallacy and Saxton because he served "quo warranto" documents on them and they failed to respond. He offers no support for this argument and, in any event, Plaintiff's service of quasi-legal documents on Defendants does not deprive them of immunity.

Plaintiff contends that he states a claim under the UCC because he attempted to pay Stulberg on four separate occasions, but Stulberg refused to accept payment. Assuming that the UCC applies in this instance, it may have been a basis for Plaintiff to defend against the claim that he defaulted on the land contract, but he cannot assert that defense here. Plaintiff's rights under the land contract were adjudicated in state proceedings. He cannot re-litigate those rights here.

Plaintiff asserts that Defendants were engaged in a conspiracy to violate his rights, and that this conspiracy is the basis for his federal lawsuit. A plaintiff pleading a conspiracy must set forth allegations from which to infer an agreement between the parties; "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 565 (2007). Construing Plaintiff's allegations liberally, there is no basis from which to reasonably infer that any of the Defendants made an agreement to violate his rights.

Plaintiff objects to the application of the *Rooker-Feldman* doctrine, erroneously stating that it rests on the premise that state courts decide state laws whereas federal courts generally do not decide cases based on state law unless a federal issue is also raised. To the contrary, the doctrine rests on the premise that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). The Court discerns no error in applying the *Rooker-Feldman* doctrine to this case. The fact that Plaintiff purports to assert federal claims in this action is not a bar to applying the *Rooker-Feldman* doctrine.

Plaintiff objects to the statement in the R&R that a common law lien does not apply to real property. The Court discerns no error in this statement, as it is amply supported by case law cited in the R&R.

Plaintiff also continues to assert that Defendants violated various state and federal criminal statutes. The Court discerns no error in the conclusion of the R&R that Plaintiff does not have standing to enforce criminal statutes, and they do not provide a civil cause of action. Accordingly, the objections will be denied.

**Motions to Amend the Complaint**

Plaintiff has filed various motions to add additional parties to the complaint. He seeks to add: Richard Dick Potter and Bud's Towing Service (who allegedly removed four of Plaintiff's vehicles from the property at issue in this action); the State of Michigan (because it is Judge Hallacy's employer); Aaron Morris, the Dark Horse Brewery, and Mor Dall Enterprises (because they purchased the property at issue); Sunny Disposal Service (because they removed dumpsters containing Plaintiff's property); and Attorney Daniel P. Lievois (because he executed an allegedly counterfeit deed for the property). (ECF Nos. 41-43, 47, 49.)

Before he can amend his complaint, Plaintiff must obtain leave of Court, which is to be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, the Court has already determined that the claims stated in the complaint either fail to state a claim or are barred by immunity or the *Rooker-Feldman* doctrine. Plaintiff's proposed additional defendants would not save his complaint from dismissal. He does not state a cognizable federal claim against any of them, and the Court declines to exercise supplemental jurisdiction over any possible state law claims. 28 U.S.C. § 1367(c)(3).[1] Moreover, the State of Michigan is generally immune from suit in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782

---

[1] The Court assumes that federal question jurisdiction is the basis for subject matter jurisdiction. Plaintiff has not alleged the requisite facts, including citizenship and the amount-in-controversy, to satisfy the requirements for diversity jurisdiction.

(1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Because amendment would be futile, the Court will deny Plaintiff's motions to amend.

### Motions for Declaratory/Injunctive Relief & Evidentiary Hearing

In addition, because Plaintiff's complaint is subject to dismissal, his requests for declaratory and injunctive relief (ECF Nos. 44, 48, 56), and for an evidentiary hearing (ECF No. 46), will be denied as moot.

### Motion to Strike the R&R.

Plaintiff asks the Court to strike the R&R (ECF No. 58). Plaintiff recites a number of reasons why he believes that he is entitled to relief under his complaint, but none of them provide justification for striking the R&R. Thus, the motion will be denied.

### Motion to Vacate the May 27, 2015 Order

Plaintiff asks the Court to vacate an order denying Plaintiff preliminary injunctive relief, a hearing, and other relief. Upon review, the Court discerns no error in that order. Moreover, because the complaint is subject to dismissal, the relief requested by Plaintiff is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (ECF No. 38) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 35) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions (ECF Nos. 39, 41-44, 46-49, 56 and 58) are **DENIED**.

A judgment will be entered that is consistent with this opinion and order.


Dated:  March 11, 2016                           /s/ Robert Holmes Bell
                                                                             ROBERT HOLMES BELL
                                                                             UNITED STATES DISTRICT JUDGE